Downs *v.* Jalowack.

[FOURTH DEPARTMENT, GENERAL TERM, at Buffalo, January 7, 1873. *Mullin, Talcott* and *E. D. Smith,* Justices.]

———————◆———————

## DOWNS and others *vs.* JALOWACK.

The defendant, desiring to purchase a "Stewart" stove applied to W. & B., stove dealers, who, not keeping the "Stewart" stove, persuaded him to take one of another kind, on trial, promising, if it did not suit, to take it back and procure a "Stewart" for him. The stove taken did not suit. Subsequently, B., a member of the firm, called the defendant into the store of the plaintiffs, and sold him a "Stewart" stove, belonging to the plaintiffs, who paid B. a commission for selling it; B. agreeing that the stove on trial should be taken in part payment and orders for clothing given, on the defendant, for the balance. W. & B. took the first stove back, and gave an order on the defendant, which was honored by him. The stove was charged to the defendant by the plaintiffs. In an action to recover the price, there was a conflict in the testimony, as to whether one of the plaintiffs was present and heard the negotiation for the sale of the stove. The court below ordered a verdict for the plaintiff. *Held* that the case was clearly one for the jury, and it was error to refuse to submit it.

IN 1868, Whedon & Braman were dealers in stoves, in Syracuse. The defendant was engaged in the clothing business in the same place. He wanted, for use in his house, a stove known as the Stewart parlor oven cook stove, and applied to Whedon & Braman to pur-

chase one. They had none of that kind of stoves. It was thereupon arranged between them and the defendant that they should put up another kind of stove which they kept for sale, and if, upon trial, it did not please the defendant they would take it back, and get him the "Stewart" stove. The stove was put up, but, not pleasing the defendant, it was taken down by Whedon & Braman.

The plaintiffs were stove dealers, in Syracuse, and kept for sale the "Stewart" stove. One morning, while Downs, one of the firm, was standing in his store, Braman went in, and inquired of Downs, as he testified, what commission he, Downs, would pay him for selling stoves for him? Downs replied, ten per cent. While this conversation was going on, the defendant was passing, and was called in by Braman. At this point of time, Downs was called into the back part of the store, and heard no more of the conversation. Soon after, one of Stewart's stoves was taken to the defendant's house. The price of it was to be $38. The stove was charged on the plaintiff's books, at first to Whedon & Braman, and afterwards the charge was erased, and it was then charged to the defendant. The change was made within an hour after the original entry was made. Whedon & Braman failed in about a month after the sale. The plaintiffs paid Braman ten per cent. for selling the stove. . Some other evidence was given, tending to corroborate the witness Downs. The defendant was examined in his own behalf, and testified that he was passing the plaintiffs' store, one morning, and was called in by Braman; that on going in, he found Downs & Braman in the store. Downs said nothing. Braman pointed to a Stewart stove and asked him if that would suit him. He said it would, and asked the price, and was told $33. Downs was still standing by. Braman said he would give the defendant credit for the other stove, which had been taken down, and take the balance in clothing, and

would put up the stove; and it was taken, and put up, accordingly. The stove was charged to the defendant by Whedon & Braman. The purchase was made of W. & B., and of no one else. They subsequently drew an order on the defendant for $9, for clothing, which was paid. Up to that time, nothing had been heard of any claim for the price of the stove by the plaintiff.

Downs, being recalled, testified that he did not hear any part of the conversation between the defendant and Braman, in his store.

The defendant's counsel requested the court to submit the case to the jury, specifying a number of questions on which the jury should pass; but the court refused, and ordered a verdict for the plaintiff, for $33.33. Judgment was entered on the verdict, and from it the defendant appealed.

The defendant's counsel excepted to the refusal to submit the case to the jury.

The action was commenced in a justice's court, and, after judgment for the plaintiff, was taken by appeal to the Onondaga county court, and was there referred. The referee ordered judgment in favor of the defendant. That judgment was reversed, on appeal to this court, and a new trial was had in this court, before a jury, and a verdict ordered in favor of the plaintiff, for the value of the stove, and interest.

*By the Court,* MULLIN, P. J. If this case had been allowed to go to the jury, and they had found the facts to be as sworn to by the defendant, a sale to him by Braman would have been conclusively established.

It is not shown that the defendant knew that Braman was acting as agent for the plaintiffs. On the contrary, Braman had agreed to procure for him a Stewart stove, in place of the one taken down. The negotiation for the sale was carried on by Braman, and a part of the arrangement was that the defendant should pay for it in

Downs *v.* Jalowack.

clothing. If Downs stood by and heard this negotiation, and asserted no title to the stove, nor gave any notice to the defendant that he was the person with whom the trade must be made, he and his firm are estopped from asserting title to the stove.

It is equally clear that if the jury should believe Downs the plaintiffs were not estopped, and they were entitled to recover.

The case was clearly one for the jury, and it was error to refuse to submit it.

It will be for the jury to say what weight is to be given to the fact that the sale of the stove was made by Braman in the plaintiffs' store.

I have looked into the case that was before us on the former appeal, and find that there was no evidence given on the part of the defendant tending to establish an estoppel against the plaintiffs.

As the case was then presented, Braman was the plaintiff's agent to sell a stove, and he did sell it, in their store, in violation of his duty as agent, as his own property. The defendant was bound to ascertain the extent of his authority; at least he was bound to inquire whether the plaintiffs had parted with their ownership.

I have not examined the exceptions to the admission of evidence. The failure to submit the case to the jury is fatal, and the judgment must be reversed, and a new trial ordered, costs to abide the event.

New trial granted.

[Fourth Department, General Term, at Buffalo, January 7, 1873. *Mullin, Talcott* and *E. D. Smith,* Justices.]